Filed 8/19/25  Barnett v. First American Home Warranty Corp. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VERNON BARNETT, Plaintiff and Respondent, v. FIRST AMERICAN HOME WARRANTY CORPORATION, Defendant and Appellant. | D084315 (Super. Ct. No. 37-2023-00046947-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Constangy, Brooks, Smith & Prophete, Steven B. Katz, David C. Kurtz, Matthew School and Romina Tamiry, for Defendant and Appellant.

Law Office of Thomas D. Rutledge, Thomas D. Rutledge; Mashiri Law Firm and Alex Asil Mashiri, for Plaintiff and Respondent.

In *Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69 (*Rodriguez*),[1] this court held that if a plaintiff in an action brought under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.)[2] chose to forego the individual components of his PAGA claims and pursue only the nonindividual components on behalf of other aggrieved employees—a so-called "headless" PAGA action—the trial court should deny the employer's motion to compel arbitration because there is no individual dispute to arbitrate. In this case, the trial court properly concluded that plaintiff Vernon Barnett had elected *not* to pursue his individual PAGA claims against his former employer, defendant First American Home Warranty Corporation (First American). Finding *Rodriguez* dispositive, we affirm the order refusing to grant First American's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

Barnett was employed by First American from August 2022 until June 2023. In October 2023, he filed a PAGA complaint alleging various violations of the Labor Code. It was captioned: "Vernon Barnett, on behalf of himself and Aggrieved Employees and as the State of California's designated proxy under the Private Attorneys General Act (PAGA) and on behalf of others." The initial complaint indicated that Barnett was seeking "civil penalties on behalf of himself and Aggrieved Employees for Defendants' violations of the California Labor Code." There were nine individually titled causes of action.

---

[1] The Supreme Court granted review in this matter on May 14, 2025, S290182.

[2] All statutory references are to the Labor Code unless otherwise indicated.

Each was captioned as an "Individual and Representative Claim under the PAGA for . . . ."

First American responded to the complaint by filing a motion to compel arbitration, citing to a "dispute resolution agreement" allegedly agreed to by Barnett. A month before the hearing on the motion, Barnett filed a first amended complaint (FAC) that pleaded the same nine causes of action, but made various changes to the way they were alleged. The first sentence of the first paragraph of the FAC now expressly asserted that "Plaintiff Barnett is not suing in his individual capacity . . . ." He no longer sought "civil penalties on behalf of himself and Aggrieved Employees . . . ." Rather, he was proceeding "solely under the Private Attorneys General Act (PAGA) of 2004, as amended, Labor Code [section] 2698, et seq., seeking civil penalties on behalf of the State of California for all Aggrieved Employees, including himself and other Aggrieved Employees. *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104; *Balderas v. Fresh Start Harvesting* [(2025) 101 Cal.App.5th 533 (*Balderas*)]." The titles for each of the nine causes of action were also revised, eliminating the introductory words "Individual and . . ." so that they now read simply, "Representative Claim under the PAGA for . . . ."

Following briefing and argument, the trial court declined to refer the case to arbitration. It quoted the *Balderas* opinion that Barnett had referred to in the FAC, observing that an " 'employee who does not bring an individual claim against her employer may nevertheless bring a PAGA action for herself and other employees of the company.' " (*Balderas, supra,* 101 Cal.App.5th at p. 536.) In the court's view, this is precisely what Barnett was doing by modeling his FAC on the complaint in *Balderas*. It noted that the FAC "explicitly states 'Plaintiff . . . is not suing in his individual capacity.' " Thus, it was "clear" that the FAC was "brought solely as a representative action"

3

and Barnett was not seeking to pursue any individual claim. As a result, there was nothing to arbitrate and First American's motion was "moot."

## DISCUSSION

It is undoubtedly an oversimplification, but perhaps a useful one, to say that following the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), an employer's motion to compel arbitration of an employee's PAGA claims for various Labor Code violations has typically focused on the difference between the employee's "individual" and "nonindividual" claims. In general, California law precludes employees from being forced to waive their right to bring nonindividual PAGA claims in court. At the same time, federal law protects the parties' right to agree to arbitrate an employee's individual claims. (See *Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 130.) Usually, the individual claims are referred to arbitration (Step 1) while the nonindividual claims are stayed pending the completion of the arbitration proceedings and addressed thereafter if necessary (Step 2). (See, e.g., *Huff v. Interior Specialists, Inc.* (2024) 107 Cal.App.5th 970, 984.)

From this template a question naturally arose. Could PAGA plaintiffs choose to prosecute a "headless" PAGA action, skipping Step 1 and avoiding arbitration proceedings entirely by declining to pursue their own individual PAGA claims, thus limiting their complaint to nonindividual claims seeking penalties on behalf of *other* employees?

In *Balderas*, *supra*, 101 Cal.App.5th 533, the court appeared to answer this question "yes." The plaintiff in that case filed a complaint for civil penalties under PAGA, but specifically alleged that she was " 'not suing in her individual capacity.' " (*Id.* at p. 536.) Rather, she was proceeding "solely under the PAGA, on behalf of the State of California for all aggrieved

4

employees, including herself and other aggrieved employees." (*Ibid.*) The trial court struck the complaint, reasoning that by declining to pursue an individual PAGA claim, the plaintiff "lacked standing to pursue a 'non-individual' or representative PAGA action on behalf of other employees." (*Ibid.*; see also *id.* at p. 538 [Because plaintiff "did not file her own *individual* PAGA claim," the trial court found under *Viking River* that "she could not bring this representative PAGA action for penalties"].)

The appellate court in *Balderas* disagreed and reversed, observing that the Legislature's goal in enacting PAGA "is furthered by extending broad standing to aggrieved employees who do not depend on the viability or strength of a plaintiff's individual PAGA claim." (101 Cal.App.5th at p. 537.) In the court's view, Balderas's standing did not depend on her pursuit of an individual PAGA claim. She had standing as an "aggrieved" employee who was subject to one or more Labor Code violations as alleged in the complaint.[3] (*Balderas*, at p. 539.)

---

[3]     *Balderas* relied in part on this court's earlier decision in *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924 for the proposition that an "employee need not bring an individual claim against her employer to have standing to pursue a PAGA claim." (*Balderas*, *supra*, 101 Cal.App.5th at p. 539.) Since *Balderas* was decided, other courts of appeal have reached inconsistent conclusions on the issue. In *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001 (*Leeper*), the court rejected what it characterized as "dicta" in *Balderas* that a plaintiff can elect to pursue only a nonindividual PAGA claim. (*Leeper*, at p. 1012 [plaintiff cannot "carve out an individual PAGA claim from a PAGA action"]; see also *Williams v. Alacrity Solutions Group, LLC* (2025) 110 Cal.App.5th 932, 943, review granted, S291199.) More recently in *CRST Expedited, Inc. v. Superior Court* (2025) 112 Cal.App.5th 872, our colleagues in the Fifth Appellate District interpreted the language of former section 2699 to permit plaintiffs to bring a "headless" PAGA action. The Supreme Court has granted review in *Leeper* on April 16, 2025 on the court's own motion, S289305.

Our decision in *Rodriguez*, *supra*, 109 Cal.App.5th 69 addressed a related issue in a different procedural context, where the employer-defendant appealed after the trial court denied its motion to compel arbitration of the plaintiff-employee's PAGA claims. The plaintiff had relied on *Balderas* in attempting to " 'bring a "non-individual" or representative PAGA action on behalf of [himself] and other . . . employees' only." (*Rodriguez*, at p. 75, review granted.) He then argued that "his PAGA claims lack an individual component to compel to arbitration." (*Ibid.*) The defendant, like First American here, responded by disputing that plaintiff's complaint did not assert individual claims. Rejecting that argument, we held that the motion to compel arbitration was properly denied. (*Ibid.*)

Because the appeal arose in the context of a motion to compel arbitration rather than a demurrer or motion to strike, we declined to address theoretical questions of standing, the correctness of *Balderas,* and "[w]hether it is permissible for a plaintiff to file a complaint that asserts only nonindividual PAGA claims." (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 78, review granted.) Rather, we limited our inquiry to "whether the plaintiff's complaint includes claims that are arbitrable." (*Ibid.*) This inquiry focused on what the complaint alleged. "If the plaintiff's complaint asserts no individual PAGA claim, there is no existing dispute over his or her right to obtain an individual PAGA remedy, and he or she cannot properly be ordered to arbitrate such a claim." (*Id.* at p. 80.) Potential pleading deficiencies—for instance, whether a plaintiff who alleged no individual PAGA claim still had standing to litigate nonindividual PAGA claims seeking penalties on behalf of

other employees—had to be addressed "in an appropriate pleading challenge."[4]  (*Rodriguez*, at p. 80.)

As to the intended scope of plaintiff's pleadings, we acknowledged that the *Rodriguez* complaint was "not a model of clarity."  (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 76, review granted.)  We were nonetheless persuaded that the plaintiff was "not seeking individual PAGA relief" in that case.  (*Ibid.*)  The employer had emphasized allegations that the plaintiff was an "aggrieved employee" who, like other employees, was adversely affected by the various alleged Labor Code violations.  (*Id.* at pp. 76–77.)  But we explained that PAGA plaintiffs are required to allege they are "aggrieved employees" to establish their standing.  (*Id.* at p. 77.)  We said the additional fact that the plaintiff was harmed by the Labor Code violations is simply "part of what makes an employee aggrieved."  (*Ibid.*)

As this was ultimately a question of the plaintiff's intent, we found that other aspects of the complaint were consistent with his position that he was not asserting an individual PAGA claim.  In this regard we observed that plaintiff omitted the words " 'individual' " and " 'individually' " from the caption of the complaint and did not explicitly seek civil penalties for the alleged wage and hour violations he personally suffered.  (*Rodriguez*, *supra*, 109 Cal.App.5th at p. 77, review granted.)  Finally, we thought any ambiguity in the complaint concerning the plaintiff's intent was clarified by his

---

[4]     Like the defendant in *Rodriguez,* First American did not argue that the failure to assert an individual PAGA claim made Barnett's FAC defective. (109 Cal.App.5th at p. 78, fn. 4, review granted.)  We therefore follow the approach we took in *Rodriguez*, with which First American agrees, and confine our inquiry to whether the complaint alleged or did not allege arbitrable claims.

representations to this court that he was forgoing any individual PAGA relief.  (*Ibid.*)

From our perspective, the FAC in this case is, if anything, even clearer in stating that the plaintiff is not pursuing an individual PAGA claim.  And the plaintiff's intent is underscored by the fact that the changes in the FAC were made in direct response to First American's motion to compel arbitration.  The obvious intent of the amended pleading was to clarify the plaintiff's object of avoiding arbitration.

Indeed, it is hardly necessary to go beyond the very first sentence of the FAC, which did not appear in the original complaint.  It declares in no uncertain terms that "Barnett is not suing in his individual capacity."  It then immediately cites *Balderas,* in which the plaintiff made a similar representation (101 Cal.App.5th at p. 536), as further indication that the complaint is not seeking an individual remedy.

In *Rodriguez,* we thought it significant that the complaint omitted the words "individual" and "individually" from the caption of the complaint.  In this case, the FAC *deleted* all references to "individual" claims that previously appeared in the title of each of the nine causes of action.  Again, Barnett's intent to eschew individual PAGA claims seems patent.

Like the employer in *Rodriguez,* First American makes much of the fact that the FAC refers to Barnett as one of many "aggrieved employees" asserting claims "on behalf of" or "including" himself and "all" or "other" aggrieved employees.  Although we can acknowledge, as we did in *Rodriguez,* that in places the FAC is "not a model of clarity," we found similar ambiguities in *Rodriguez* less than compelling.  (109 Cal.App.5th at p. 76, review granted.)  We reach an analogous conclusion here in light of the abundant evidence that Barnett is not seeking to pursue an individual PAGA

8

claim. And as in *Rodriguez*, we are not concerned that Barnett will somehow shift course in the future and "attempt . . . to obtain civil penalties based on violations he personally sustained." (*Id.* at p. 77.) Indeed, the trial court here specifically referred to the "clear" contrary representations by plaintiff's counsel, to which plaintiff would be bound. Accordingly, First American cannot assert even the possibility of prejudice from any alleged ambiguity in the FAC.[5]

## DISPOSITION

The order denying First American's motion to compel arbitration is affirmed. Barnett is entitled to costs on appeal.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

---

[5] In light of our conclusion, it is unnecessary to address any additional arguments raised by the parties.

9